**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00699-CMA

SHERRI L. WILSON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING ALJ'S DECISION DENYING SOCIAL SECURITY BENEFITS

This matter is before the Court on review of the Commissioner's decision to deny Plaintiff Sherri L. Wilson's ("Plaintiff") application for widow's insurance benefits and supplemental security income. Jurisdiction is proper under 42 U.S.C. § 405(g).

## I. BACKGROUND

**A.  MEDICAL EVIDENCE**

Plaintiff was born on March 25, 1958. (AR at 83.) She has a high school education and completed two years of college. (AR at 62.) Plaintiff reported that she previously worked as a home care attendant. (AR at 173.) With regard to her physiological ailments, Plaintiff's chief complaint relates to her back pain. In 1999, she was involved in a car accident in which her back was injured. Plaintiff underwent surgery on her lower back in 2001, her left shoulder in 2003, and had bilateral carpal tunnel release surgeries in 2008. (AR at 261-62, 270, 284.) She is prescribed

medications to manage her pain. (AR at 425, 432, 435-35, 438-39, 445-47.) Plaintiff was also diagnosed with depression and was hospitalized following her husband's death. (AR. at 405.)

B.  PROCEDURAL HISTORY

Plaintiff filed applications for two types of disability benefits. On May 12, 2010, she filed an application for supplemental security income and on July 13, 2011, she filed an application for disabled widow's benefits. In both applications, Plaintiff alleged a disability onset date of April 2, 2010. After her initial applications were denied, Plaintiff requested a hearing, which was held on November 3, 2011, before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision on November 9, 2011. (AR at 29.) The Appeals Council denied Plaintiff's request for review. (AR at 1-3.) On March 18, 2013, Plaintiff filed her appeal of the Commissioner's final decision. (Doc. # 1.) Plaintiff filed her opening brief on July 12, 2013, the Commissioner responded on August 13, 2013, and Plaintiff replied on August 28, 2013. (Doc. ## 15, 16, 17.)

C.  THE ALJ'S DECISION

The ALJ determined that Plaintiff met the non-disability requirements for disabled widow's benefits. In applying the five-step sequential evaluation process outlined in 20 C.F.R. §§ 404.1520 and 416.920 to determine whether Plaintiff was disabled, the ALJ determined that:

1. Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 2, 2010 [Step 1];

2. Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, depression, obesity, and chronic pain syndrome. The ALJ further determined that Plaintiff's symptoms of carpal tunnel syndrome and

      left shoulder impairment either were not medically determinable or were non-severe [Step 2];

3. Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 [Step 3];

4. Plaintiff had the residual functional capacity ("RFC") "to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; can stand or walk for six hours of an eight-hour day and sit for two hours of an eight-hour day; can frequently climb stairs and ramps; can occasionally climb ladders, ropes, and scaffolding; can occasionally stop and crouch; can frequently kneel or crawl; cannot have concentrated expos[ure] to unprotected heights or moving or other hazardous machinery; and can perform no more than simple, routine, and repetitive tasks" [Step 4]; and

5. Plaintiff was able to perform her past relevant work as a home attendant. [Step 5].

## II. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). "Evidence is not substantial if it is overwhelmed by other evidence in the record." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In so reviewing, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart,* 468 F.3d 615, 621 (10th Cir. 2006).

### III.  ANALYSIS

Plaintiff raises two arguments in support of her contention that the ALJ committed errors in rendering his decision.  Specifically, Plaintiff argues that the ALJ erred by: (1) giving little weight to her treating physician's opinion, and (2) giving controlling weight to a non-examining medical consultant.

**A.   WHETHER THE ALJ ERRED BY GIVING LITTLE WEIGHT TO THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN**

According to the "treating physician rule," the Commissioner will generally "give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2).  In deciding how much weight to give a treating physician's opinion, an ALJ must first determine if the opinion is entitled to controlling weight.  *See Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003).  An opinion is so entitled if it is well-supported by the medical evidence and is consistent with other substantial evidence in the record.  *See id.*  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Fowler v. Bowen,* 876 F.2d 1451, 1453 (10th Cir. 1989) (internal quotation marks omitted).

Even if a treating physician's opinion is not entitled to controlling weight, however, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527."  *Id.*  Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing

> performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001); 20 C.F.R. § 404.1527(c). Under Tenth Circuit case law, "an ALJ must give good reasons for the weight assigned to a treating physician's opinion that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Langley*, 373 F.3d at 1119 (internal quotation marks and citations omitted).

In determining that Dr. Egan's opinion regarding Plaintiff's physical ailments was entitled to little weight, the ALJ found that Dr. Egan's opinion was not supported by her own notes or other evidence in the record (AR at 36-37). *See* 20 C.F.R. § 404.1527(c)(3)(supportability); (c)(2)(consistency). Specifically, the ALJ observed with record support that "Dr. Egan's own treatment records show the claimant received only conservative care and largely normal results from the claimant's physical and mental system exams." (AR at 36.) Moreover, the ALJ appropriately discounted Dr. Egan's opinions that were provided as checkmarks on a form without sufficient explanation, which is generally considered weak evidence. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). An ALJ is not required to "discuss all the § 404.1527(c) factors for each of the medical opinions before him," *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), and in the instant case the reasons given by the ALJ are "sufficiently specific to make clear . . . the reason" for the weight the ALJ gave to

Dr. Egan's opinion. *See Langley*, 373 F.3d at 1119. Plaintiff's arguments relating to her assertion that "Dr. Egan's medical opinions are well supported by her notes and the other medical evidence" essentially ask this Court to reweigh the evidence, which it is not entitled to do. *See Oldham*, 509 F.3d at 1257-58 (reviewing court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it de novo"); *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (reviewing court may not reweigh the evidence or substitute its judgment for that of the Commissioner). Accordingly, the ALJ did not err in assigning Dr. Egan's opinion little weight.

**B.    WHETHER THE ALJ ERRED BY GIVING CONTROLLING WEIGHT TO A NON-EXAMINING MEDICAL CONSULTANT**

Plaintiff also contends that the ALJ erred by assigning controlling weight to non-examining physician, Dr. LoGalbo. While it is true that only opinions from treating sources can be given controlling weight, 20 C.F.R. § 416.927(c), the ALJ's decision states that he gave great, not controlling, weight to Dr. LoGalbo's opinion. (AR at 36.)[1] Generally, opinions of non-examining physicians who have never seen the claimant are entitled to the least weight of all. *Martinez v. Astrue*, 422 F. App'x 719, 724 (10th Cir. 2011) (citing 20 C.F.R. § 416.927(d)(1); Soc. Sec. Ruling 96–6p, 1996 WL 374180, at *2; *Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004)). However, where an ALJ otherwise reduces the weight given to a treating physician's opinion, it is not error

---

[1] The Court rejects Plaintiff's assertion that "in effect the ALJ gave this non-examining opinion controlling weight." There is nothing in the ALJ's decision to indicate that is the case. Indeed, the ALJ's RFC was more limited than the RFC suggested by Dr. LoGalbo. *Compare* (AR at 89) (claimant can sit for about 6 hours per workday) *with* (AR at 34) (claimant can sit for two hours).

to rely on a non-examining physician's opinion. *See, e.g., Gonzales v. Colvin*, 515 F. App'x 716, 719 (10th Cir. 2013).

Plaintiff takes issue with the fact that the ALJ did not offer specific examples in support of his determination that Dr. LoGalbo's opinions were supported by the record. Curiously, to illustrate her assertion that Dr. LoGalbo's opinion is inconsistent with the record, Plaintiff points to the opinions of Dr. Egan and Dr. Greene, who both opined that Plaintiff can sit for two hours in a workday, whereas Dr. LoGalbo opined that Plaintiff could sit for 6 hours. However, the ALJ adopted the two hour sitting limitation in Plaintiff's RFC. (AR at 34.) Therefore, there is no evidence that the ALJ followed the inconsistency Plaintiff points to as error. Irrespective of that point, the ALJ is entitled to resolve any conflicts in the record. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (citing *Richardson v. Perales,* 402 U.S. 389, 399 (1971); *Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 801 (10th Cir.1991)). And as previously stated, this Court's review is limited and it may not reweigh the evidence. *See Salazar*, 468 F.3d at 621.

Next, Plaintiff argues that the ALJ erred when he stated that he gave weight to Dr. LoGalbo's opinion because he had access to Plaintiff's medical history. Plaintiff points out, and the Commissioner concedes, that when Dr. LoGalbo conducted his review, he did not have the full record ultimately before the ALJ. However, an ALJ does not err in according weight to the opinion of a reviewing physician who does not have access to the complete record where the ALJ explicitly considers the medical evidence to which the reviewing physician did not have access. *See Gonzalez,* 515 F. App'x at

719 ("And although it is true that Dr. Twombly was privy to only an incomplete record, the ALJ specifically addressed this point in finding that the more recent record evidence failed to establish that Gonzales's conditions had worsened since Dr. Twombly's review. The ALJ did not err in adopting the conclusion that Gonzales could still perform medium exertional work."); *see also* Soc. Sec. Ruling 96–6p, 1996 WL 374180, at *2 (The opinions of State agency medical consultants "can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence including any evidence received at the administrative law judge and Appeals Council levels that was not before the State agency"). In his decision, the ALJ reviewed the additional records that Plaintiff submitted. (*See* AR at 35-36.) Therefore, that Dr. LoGalbo did not have access to all records Plaintiff ultimately submitted in support of her applications does not constitute a basis for reversal.

Last, Plaintiff argues that the ALJ erred when he stated that Dr. LoGalbo's decision "reflects the examiner's experience in providing medical opinions in the context of a disability review." (Doc. # 15 at 15 (citing AR at 36).) State agency physicians are "highly qualified physicians . . . who are experts in the evaluation of the medical issues in disability claims under the Act." Soc. Sec. Ruling 96–6p, 1996 WL 374180, at *2. Accordingly, the ALJ's recognition of Dr. LoGalbo's knowledge of Social Security regulations was not error. *See Gallegos v. Colvin*, No. 11-CV-02861-PAB, 2013 WL 5303485, at *7 (D. Colo. Sept. 20, 2013).

## IV. **CONCLUSION**

For the foregoing reasons, it is ORDERED that the ALJ's decision is AFFIRMED.

Each party shall bear its own costs and attorney's fees.

DATED: December __09__, 2013

                                               BY THE COURT:

                                               _Christine M. Arguello_
                                               CHRISTINE M. ARGUELLO
                                               United States District Judge